**S.R., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 07–20648–CIV.**

United States District Court, S.D. Florida, Miami Division.

May 27, 2008.

Jeffrey T. Donner, Donner Law Firm PL, Matthew S. Sarelson, Sarelson, P.A., Miami, FL, for Plaintiff.

Wendy A. Jacobus, Isabel Munoz–Acosta, United States Attorney's Office, Michael S. Pasano, Carlton Fields, Miami, FL, Myles H. Malman, Jonathan H. Rosenthal, Malman Malman & Rosenthal, Fort Lauderdale, FL, for Defendants.

Damioun Cole, Antonio Echeberria, Miami, FL, pro se.

## ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** came before the Court for a hearing on May 2, 2008, upon Defendant, the United States of America's ("United States[']") Motion for Summary Judgment [D.E. 128]. The undersigned has considered the parties' written submissions, their oral arguments, the record, and applicable law.

## I. BACKGROUND[1]

Plaintiff, S.R., is a former federal inmate. S.R. was sentenced on March 9, 1999 and subsequently assigned to the Federal Correctional Institution in Danbury, Connecticut ("FCI–Danbury"). During her incarceration at FCI–Danbury, she was transferred to and temporarily housed at the Federal Detention Center in Miami ("FDC–Miami") on four separate occasions: from October 2, 2002 until January 7, 2003 (see Declaration of Brenda Davila ("Davila Decl.") at ¶ 3), from August 13, 2003 until December 16, 2003 (see id. at ¶ 4), from March 30, 2004 until August 31, 2004 (see id. at ¶ 5), and finally from July 12, 2005 until August 16, 2005 (see id. at ¶ 6). Each of these temporary transfers to FDC–Miami was made at the request of the United States Attorney's Office for the Southern District of Florida

so that S.R. could serve as a witness or cooperate in other criminal prosecutions. (Deposition of S.R. ("S.R.Dep.") [D.E. 146–2] at 320:6–323:3). S.R. testified that during her first two stays at FDC–Miami she was sexually assaulted by Defendants, Charles Jenkins ("Jenkins") (see id. at 323:4–326:19), Isiah Pollock ("Pollock") (see id. at 326:20–327:19), and Antonio Echeverria ("Echeverria") (see id. at 329:7–331:18), Federal Bureau of Prisons ("BOP")guards.

On December 10, 2003, S.R. provided an affidavit to a BOP employee describing her allegations of sexual abuse by Jenkins, Pollock, and Echeverria. (See BOP Complaint File [D.E. 146–3] at 24–26). This affidavit recited many of the same allegations contained in S.R.'s Complaint in this action. (See id.). On December 11, 2003, S.R. told her psychologist at FDC–Miami that she had recently made allegations of sexual abuse against BOP employees. (See Report of Edda I. Aponte [D.E. 146–5]). Also on December 11, 2003, FDC–Miami's Warden, Richard Stiff ("Stiff"), referred S.R.'s allegations against Jenkins, Pollock, and Echeverria for an investigation. (See BOP Complaint File). On March 9, 2004, S.R. provided another affidavit to agents from the Department of Justice's Office of the Inspector General detailing her allegations. (See id. at 1–5). The investigation ultimately concluded S.R.'s allegations could not be substantiated. (See id. at 42). S.R. also testified that she later reported her allegations of abuse to an Assistant United States Attorney and an Alcohol, Tobacco, and Firearms agent while providing her cooperation in another criminal matter, although she did not mention Jenkins, Pollock, or Echeverria by name. (See S.R. Dep. at 335:10–336:15).

---

1. Unless otherwise specified, all facts in this section are undisputed.

On January 21, 2004, Supervisory Deputy U.S. Marshal Mark McClish ("McClish") forwarded a letter to the BOP which S.R. had sent to her sentencing judge recounting her allegations of sexual abuse against Jenkins and Echeverria. (*See Letter to United States District Judge Malcolm Howard* [D.E. 146–4] ). A purported "Statement Analysis" which McClish sent along with the correspondence indicates McClish's belief that the allegations in the letter were fabricated. (*See id.*).

S.R. testified that between March 2004 and June 2004, she was vaginally and anally raped by Defendant, Damioun Cole ("Cole"), while at the FDC–Miami. (*See S.R. Dep.* at 340:2–341:19). She also testified she was sexually assaulted again by Jenkins during her final stay at FDC–Miami in 2005. (*See id.* at 341:23–343:2). S.R. had returned to FDC–Miami in 2005 in order to provide testimony against Cole for sexually assaulting another federal inmate. (*See id.* at 341:20–22, 343:15–345:3). On June 14, 2005, S.R. was interviewed by the Federal Bureau of Investigation ("FBI") in connection with its investigation into allegations of sexual assault by Cole against another inmate. (*See Report of Investigation* [D.E. 146–6] ). During this interview, S.R. once again provided details regarding her allegations of sexual abuse by BOP guards dating back to 2002, including the alleged assaults against her by Cole. (*See id.*). On August 10, 2005, S.R. met with a civil attorney while incarcerated at FDC–Miami. (*See S.R. Dep.* at 309:19–310:3).

S.R. was released from federal custody on June 12, 2006. (*See Davila Decl.* at ¶ 7). S.R. initially filed a civil complaint against the United States on March 12, 2007. (*See Complaint* [D.E. 1] ). The action was dismissed without prejudice on August 3, 2007 [D.E. 45] because of S.R.'s failure to file an administrative complaint with the Bureau of Prisons prior to commencing her civil action, as required by 28 U.S.C. § 2675(a). Standard Form 95 ("Form 95") is a form administrative complaint for the submission of claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, to the appropriate federal agency. S.R. has testified she was unaware of the existence of Form 95, and she believed she had done everything possible while incarcerated to redress the alleged sexual assaults against her. (*See S.R. Dep.* at 346:3–348:1).

On April 12, 2007, S.R. filed a Form 95 with the BOP requesting $5,000,000 in damages. S.R. then refiled her civil action against the United States on October 9, 2007 under the FTCA alleging claims for premises liability, negligent hiring, and negligent supervision related to the alleged sexual assaults she suffered while incarcerated at the FDC–Miami. (*See Complaint* [D.E. 1], Case No. 07–22655–Civ–Altonaga). The later action was subsequently consolidated with this case on October 18, 2007. (*See Order* [D.E. 99] ).

The United States now moves for summary judgment on the grounds that S.R.'s claims are barred because she failed to file an administrative complaint within the statute of limitations period set forth in the FTCA, and she is not entitled to equitable tolling of that limitations period.

## II. ANALYSIS

### A. Legal Standard

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this assessment, the Court "must view all the evi-

dence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party." *Stewart v. Happy Herman's Cheshire Bridge, Inc.,* 117 F.3d 1278, 1285 (11th Cir.1997), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.,* 894 F.2d 1555, 1558 (11th Cir.1990).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. 2505. Likewise, a dispute about a material fact is a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, "[t]he mere existence of a scintilla of evidence in support of the position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Id.* at 252,

"For factual issues to be considered genuine, they must have a real basis in the record ... mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir.2005) (citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and iden-

tifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof·at trial." *Id.* at 322, 106 S.Ct. 2548. In those cases, there is no genuine issue of material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.

## B. Application of the FTCA Statute of Limitations

■ "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." *Suarez v. U.S.,* 22 F.3d 1064, 1065 (11th Cir.1994) (citing 28 U.S.C. § 2675(a)). In addition to this basic requirement, 28 U.S.C. § 2401(b) ("Section 2401(b)") sets the applicable statute of limitations for filing such an administrative claim prior to initiating a FTCA action:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b)

■ "Thus, to comply with the FTCA's statute of limitations, a plaintiff must file an administrative claim within

two years after the date [her] claim accrues and file an action within six months after the agency mails its denial of the administrative claim." *Bashir v. U.S.,* 506 F.Supp.2d 1178, 1181 (M.D.Fla.2007) (citing *Phillips v. U.S.,* 260 F.3d 1316, 1317 (11th Cir.2001); *Shoff v. U.S.,* 245 F.3d 1266, 1267–68 (11th Cir.2001)). "Generally, an FTCA claim 'accrues' for purposes of the FTCA 'at the time of the plaintiff's injury.' " *Trupei v. U.S. Dep't of Justice,* 239 Fed.Appx. 489, 492 (11th Cir.2007) (quoting *U.S. v. Kubrick,* 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).

 As an initial matter, it is clear that since "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies[,]" *McNeil v. U.S.,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), the filing of an administrative claim pursuant to 28 U.S.C. § 2675(a) is a prerequisite for the Court to exercise jurisdiction over S.R.'s claims against the United States. There is no dispute that S.R. filed an administrative claim regarding her allegations of sexual assault with the BOP prior to the institution of the current civil action. The United States argues, however, that S.R. failed to file the administrative claim until April 12, 2007, more than two years after all of the assaults cited in her Complaint, and thus her claims are barred by the limitations period set forth in Section 2401(b).[2]

In support of its assertion, the United States cites a footnote in an Eleventh Circuit opinion for the proposition that the two year limitations period of Section 2401(b) is jurisdictional. *See Compagnoni v. U.S.,* 173 F.3d 1369, 1370 n. 3 (11th Cir.1999) ("[I]f a statute authorizing suits against the United States limits the time period in which such suits may be brought, the United States retains its sovereign im-

munity as to any suits brought outside of that time period.... [T]he court does not have subject matter jurisdiction over a suit against the United States that is barred by the statute of limitations.") (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983)). The United States also relies on a series of decisions that have found the FTCA's two year statute of limitations should be strictly construed. *See Phillips,* 260 F.3d at 1318 ("It is well established that the FTCA is a specific waiver of the sovereign immunity of the United States and must be strictly construed.") (citing *Kubrick,* 444 U.S. at 117–18, 100 S.Ct. 352); *Turner ex rel. Turner v. U.S.,* 514 F.3d 1194, 1200 (11th Cir.2008) (observing that the United States' waiver of sovereign immunity under the FTCA "must be scrupulously observed, and not expanded, by the courts.") (quoting *Suarez,* 22 F.3d at 1065) (internal quotation marks omitted). In view of this case law, and because S.R.'s administrative claim was untimely, the United States contends the Court lacks subject matter jurisdiction over S.R.'s claims. Additionally, it asserts that because Section 2401(b) is jurisdictional, equitable tolling is not available.

The United States' position, however, is difficult to reconcile with the Supreme Court's decision in *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). In *Irwin,* the Supreme Court considered the statute of limitations applicable to the filing of a Title VII claim against the federal government and concluded that where Congress has created a statutory waiver of sovereign immunity, "making the rule of equitable tolling applicable to suits against the Government, in the same way that it is appli-

---

**2.** The alleged assault by Jenkins during S.R.'s final stay at FDC–Miami in 2005 (*see* S.R. *Dep.* at 341:23–343:2) is not alleged in the Complaint.

cable to private suits, amounts to little, if any, broadening of the congressional waiver ... [and thus] the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* Consistent with this holding, the Supreme Court has recently stated that "limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute." *Young v. U.S.*, 535 U.S. 43, 49, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) (internal citations and quotation marks omitted). There is nothing in the text of Section 2401(b) which indicates Congress intended to preclude the availability of equitable tolling.

Relying upon *Irwin,* a number of federal appellate courts have concluded that the satisfaction of the two year statute of limitations in Section 2401(b) is not jurisdictional. *See, e.g., Hughes v. U.S.*, 263 F.3d 272, 278 (3rd Cir.2001) ("[T]he FTCA's statute of limitations is not jurisdictional."); *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 701 (6th Cir.1994) ("[The government] argues that the doctrine of equitable tolling cannot apply to § 2401(b) because the latter is a jurisdictional statute of limitations that cannot be equitably tolled. This assertion is incorrect.").

■ The question of whether the statute of limitations in Section 2401(b) is jurisdictional would appear to be a critical inquiry since a jurisdictional limitations period is generally not subject to equitable tolling. *See, e.g., Cooley v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor*, 895 F.2d 1301, 1303 (11th Cir.1990) ("Regrettably, '[e]quitable tolling or estoppel simply is not available when

there are jurisdictional limitations.' ") (quoting *Shendock v. Director, Office of Workers' Compensation Programs,* 893 F.2d 1458, 1466 (3rd Cir.1990)). However, at least one court that has addressed the issue has concluded that although Section 2401(b) is a jurisdictional prerequisite, it is nevertheless subject to equitable tolling in light of *Irwin. See, e.g., T.L. ex rel. Ingram v. U.S.*, 443 F.3d 956, 961 (8th Cir. 2006) ("[T]here is no inconsistency between viewing compliance with the statute of limitations [set forth in Section 2401(b)] as a jurisdictional prerequisite and applying the rule of equitable tolling.") (citations omitted).[3] Similarly, other appellate courts, without making an explicit determination regarding whether the limitations period in Section 2401(b) is a jurisdictional prerequisite, have held that equitable tolling is available. *See, e.g., Alvarez–Machain v. U.S.*, 107 F.3d 696, 701 (9th Cir. 1996) ("Nothing in the FTCA indicates that Congress intended for equitable tolling not to apply ... [thus] ... equitable tolling is available for FTCA claims in the appropriate circumstances...."); *Perez v. U.S.*, 167 F.3d 913, 916–17 (5th Cir.1999) (holding that the statute of limitations set forth in Section 2401(b) may be subject to equitable tolling).

Complicating the issue, however, some circuit courts have expressly left the question unresolved. *See Norman v. U.S.*, 467 F.3d 773, 776 (D.C.Cir.2006) ("We have never squarely addressed whether equitable tolling applies to the FTCA's statute of limitations, and we need not do so here...."). Still other courts have offered seemingly inconsistent statements on the issue, *compare Gonzalez v. U.S.*, 284 F.3d 281, 288 (1st Cir.2002) ("This Court has repeatedly held that compliance with this

---

**3.** The Eighth Circuit's decision in *Ingram,* 443 F.3d at 961, clarifies its earlier holding in *Schmidt v. U.S.,* 933 F.2d 639, 640 (8th Cir. 1991), in which it concluded that "[n]ecessary

to *[Irwin's]* expressed holding is an implied holding that strict compliance with the statute of limitations is not a jurisdictional prerequisite to suing the government."

statutory requirement is a jurisdictional prerequisite to suit that cannot be waived.") (citations omitted), *with de Casenave v. U.S.,* 991 F.2d 11, 13 n. 2 (1st Cir.1993) ("In light of the Supreme Court's holding in *Irwin* ... the district court's refusal to entertain plaintiffs' tolling argument [with respect to Section 2401(b)] was erroneous.").

The Eleventh Circuit has not provided definitive guidance on the issue. Although it has expressly applied the holding in *Irwin* to statutory limitations periods related to waivers of sovereign immunity analogous to Section 2401(b), *see, e.g., Justice v. U.S.,* 6 F.3d 1474, 1478 & n. 13 (11th Cir.1993) (holding that the statute of limitations for actions brought under the Public Vessels Act could be equitably tolled although it was not warranted under the facts), it has not analyzed Section 2401(b) itself in light of *Irwin.* For instance, in a recent decision, *Martinez v. Minnis,* 257 Fed.Appx. 261, 264 n. 4 (11th Cir.2007), the Eleventh Circuit stated that "[t]he two-year deadline [in Section 2401(b)] is mandatory and jurisdictional." *Id.* (citing *Burchfield v. U.S.,* 168 F.3d 1252, 1254–55 (11th Cir.1999)). Neither *Martinez,* nor the opinion upon which it relies, *Burchfield,* cites to or appears to consider the Supreme Court's decision in *Irwin. Burchfield,* in fact, contains only an analysis of 28 U.S.C. § 2675(a) and does not even address Section 2401(b).

Moreover, like many of the decisions cited above, *Martinez* seems to imply that even if Section 2401(b) is jurisdictional, equitable tolling may nevertheless be available where the circumstances of the case warrant it. *See Martinez,* 257 Fed.Appx. at 264 n. 4 ("[E]ven if the deadline was subject to equitable tolling, Martinez has not demonstrated extraordinary circumstances justifying such tolling."); *see also*

*Rease v. Harvey,* 238 Fed.Appx. 492, 497 n. 9 (11th Cir.2007) ("[E]ven assuming without deciding that [plaintiff] preserved this claim and that the section 2401(a) statute of limitations could be equitably tolled, [he] has not demonstrated that he exercised due diligence in bringing his claims; so equitable tolling would not be warranted."). Highlighting this ambiguity, a number of district courts in the Eleventh Circuit have concluded that equitable tolling is available under Section 2401(b). *See Jones v. U.S.,* 2007 WL 4557211, at *11–12 (M.D.Fla. Dec. 21, 2007) (holding that equitable tolling applied to Section 2401(b) limitations period but declining to apply it on the facts); *Stanfill v. U.S.,* 43 F.Supp.2d 1304, 1311 (M.D.Ala.1999) ("Based on the circumstances of this case, the court finds that equitable tolling applies and extends the six-month limitations period set forth in 28 U.S.C. § 2401(b).").

In light of the less than definitive guidance provided by the case law regarding the proper treatment of Section 2401(b), and the apparent conflict between *Irwin* and the United States' position in this action, the undersigned cannot conclude that S.R.'s claims are absolutely barred. Despite the lack of a consensus among the federal courts on this issue, the Court has not been presented with any opinion applying *Irwin* which has definitively stated that equitable tolling is never available under Section 2401(b). Thus, in attempting to resolve the somewhat inconsistent authority available, the undersigned concludes that regardless of whether or not Section 2401(b) is deemed to be a jurisdictional prerequisite, equitable tolling is available where the circumstances of a given case warrant it. *See, e.g., Ingram,* 443 F.3d at 961. Accordingly, the undersigned will consider whether equitable tolling should apply under the facts of this case.[4]

---

4. In her Response to the United States' Motion, S.R. argues that since the statute of

limitations set forth in Section 2401(b) is not

## C. Whether S.R. is Entitled to Equitable Tolling

■ "Equitable tolling is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir.1998) (internal quotation marks and citation omitted). Federal courts have permitted "equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Equitable tolling, however, "does not require any misconduct on the part of the defendant." *Browning v. AT&T Paradyne*, 120 F.3d 222, 226 (11th Cir.1997) (citation omitted). The Supreme Court has also recently "acknowledged ... that tolling might be appropriate in other cases [as well.]" *Young*, 535 U.S. at 50, 122 S.Ct. 1036 (citation omitted).

■ The plaintiff bears the burden of showing circumstances exist that warrant equitable tolling. *See Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir.2006) (citing *Justice*, 6 F.3d at 1479). A plaintiff seeking equitable tolling must demonstrate due diligence in pursuing her claims since "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96, 111 S.Ct. 453. "[A]bsence of prejudice [to the defendant] is a factor to be considered in determining whether the doctrine of equitable tolling should apply once a factor that might justify such tolling is identified." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). However, "it is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Id.*

■ S.R. contends she is entitled to equitable tolling of the two year statutory period in Section 2401(b) because she provided timely, although defective, notice to the BOP of her claims of sexual assault at FDC–Miami on multiple occasions between December 2003 and June 2005. In considering whether equitable tolling of the limitations period in Section 2401(b) is warranted, federal courts have considered the following five factors: "(1) lack of actual notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Glarner*, 30 F.3d at 702. Applying these criteria, S.R. has at least raised a genuine issue of disputed material fact as to whether she is entitled to equitable tolling.

S.R. submits her own sworn testimony that she believed she had done everything possible to redress the alleged sexual assaults against her, and that no BOP employee or other government official ever advised her of the existence of Form 95, or any other mechanism for filing an administrative claim. (*S.R. Dep.* at 346:3–348:1). The record also provides support for her contention that she was diligent in notifying the BOP and other federal authorities

jurisdictional, the United States is barred from raising it as an affirmative defense because it failed to raise it timely. *See Day v. Liberty Nat. Life Ins. Co.*, 122 F.3d 1012, 1015 (11th Cir.1997) ("The statute of limitations is an affirmative defense which must be specifi-

cally pled.") (citing Fed.R.Civ.P. 8(c)). In light of the ambiguity in the case law regarding the proper treatment of Section 2401(b), the undersigned cannot accept S.R.'s waiver argument.

of her allegations and seeking redress. In December 2003, for instance, she provided an affidavit to a BOP employee describing the alleged sexual assaults by Jenkins, Pollock, and Echeverria during her first two stays at FDC–Miami. (*See BOP Complaint File* at 24–26). She also sent a letter to her sentencing judge on January 21, 2004 which reiterated many of these allegations. (*See Letter to United States District Judge Malcolm Howard*). This letter was subsequently forwarded to the BOP by a U.S. Marshal. (*See id.*).

On March 9, 2004, she provided another affidavit to agents from the Department of Justice's Office of the Inspector General once again detailing her allegations. (*See BOP Complaint File* at 1–5). Finally, on June 14, 2005, S.R. was interviewed by the FBI regarding all of the allegations of sexual assault she suffered at the hands of BOP employees, including the alleged assaults by Cole set forth in her Complaint. (*See Report of Investigation*). In addition to these documented complaints, S.R. also testified she reported her general allegations of abuse to an Assistant United States Attorney and an Alcohol, Tobacco, and Firearms agent soliciting her cooperation in another matter. (*See S.R. Dep.* at 335:10–336:15).[5]

S.R. further asserts that the BOP's failure to apprise her of the necessary administrative procedures upon receiving notice of her allegations violated its own regulations. Pursuant to BOP regulations, "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13. The federal regulation setting forth the BOP's administrative remedy program also provides as follows:

> There are statutorily-mandated procedures in place for tort claims (28 CFR part 543, subpart C), Inmate Accident Compensation claims (28 CFR part 301), and Freedom of Information Act or Privacy Act requests (28 CFR part 513, subpart D). If an inmate raises an issue in a request or appeal that cannot be resolved through the Administrative Remedy Program, the Bureau will refer the inmate to the appropriate statutorily-mandated procedures.

28 C.F.R. § 542.10(c).

In the context of other actions against the government, courts have held that a plaintiff was entitled to equitable tolling of the two year statute of limitations in Section 2401(b) where he or she timely notified an agency of a grievance and where the agency violated its own regulations requiring that it explain the statutorily mandated FTCA procedures for pursuing that grievance. *See Glarner,* 30 F.3d at 702 (court held that claimant was entitled to equitable tolling of Section 2401(b) where he was unaware of Form 95 and regulation required Veteran's Administration to inform him regarding the proper filing requirements); *Casey v. U.S.,* 161 F.Supp.2d 86, 96 (D.Conn.2001) (same).

Although the record does not support S.R.'s contention that she was intentionally misled by the BOP or other government agencies regarding the pursuit of her claims, it nevertheless provides support for her contention that equitable tolling may be warranted. S.R. has provided evidence

---

5. The United States contends that S.R.'s failure to pursue her claim upon meeting with a civil attorney while incarcerated in August of 2005 demonstrates her lack of diligence. The current record, however, is substantially lacking regarding the circumstances and substance of that meeting. The United States' assertion, therefore, is insufficient to rebut the indicia of diligence which S.R. has identified.

that she was unaware of the administrative filing requirement until after she was released from federal custody, and that while in custody she diligently pursued her claims to the full extent she believed was possible. Additionally, the current record does not indicate that the United States has been prejudiced by S.R.'s delay in filing. As discussed, S.R. provided timely but defective notice of her claims to government officials. Moreover, although the government was on notice of S.R.'s allegations and initiated an investigation, it never suggested that S.R. contact a lawyer, nor did it advise her of the existence of the statutorily mandated FTCA procedures.

In view of these circumstances, the undersigned is persuaded that this is not "a garden variety claim of excusable neglect," *Irwin*, 498 U.S. at 96, 111 S.Ct. 453, and therefore may be one of those "other cases" in which equitable tolling is appropriate, *see Young*, 535 U.S. at 50, 122 S.Ct. 1036. The factual record regarding S.R.'s entitlement to equitable tolling, however, is not complete. The Court, as fact finder with respect to the FTCA claims, requires additional inquiry into the nature and substance of S.R.'s interactions with government employees regarding her claims in order to determine whether equitable tolling is warranted.[6] Nevertheless, drawing all reasonable inferences from the facts in favor of S.R. as the non-movant, the undersigned concludes that S.R. has demonstrated the existence of genuine issues of material fact regarding whether her claims are subject to equitable tolling. *See Stewart*, 117 F.3d at 1285. The United States' Motion for Summary Judgment is therefore denied.

**D. Whether the Court's Order Should be Certified for an Interlocutory Appeal**

 At oral argument, the United States requested that if the Court ultimately concluded that Section 2401(b) is not jurisdictional, or that it is jurisdictional but is subject to equitable tolling, the Court's ruling should be certified for interlocutory appeal. "Under 28 U.S.C. § 1292(b), appeal of a non-final order may be permitted when the district court certifies in writing that its order 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Simpson v. Carolina Builders Corp.*, 222 Fed.Appx. 924, 925 (11th Cir.2007) (quoting 28 U.S.C. § 1292(b)). "Three factors are relevant in deciding whether an order merits interlocutory review under § 1292(b): (1) whether the case presents a 'controlling question of law'; (2) whether there is a 'substantial ground for difference of opinion'; and (3) whether the appeal will 'materially advance the ultimate termination of the litigation.'" *Id.* (citations omitted).

The first element of this test is clearly satisfied as the issue addressed in this Order presents a controlling question of law. To the extent equitable tolling is unavailable under Section 2401(b), the parties are in agreement that S.R.'s FTCA claims are barred. Whether Section 2401(b) is subject to equitable tolling, therefore, is wholly dispositive as to the viability of S.R.'s claims against the United States.

The second element of this test is also satisfied. As discussed, there is no con-

---

**6.** If it is determined on appeal that Section 2401(b) is not jurisdictional, such additional factual inquiry may be made at trial. Alternatively, if the Eleventh Circuit concludes that the limitations period is jurisdictional but subject to equitable tolling, the Court will conduct an evidentiary hearing to determine whether equitable tolling is appropriate.

sensus in the case law regarding the treatment of Section 2401(b)'s two year limitations period in the wake of the Supreme Court's decision in *Irwin.* Some federal appellate courts have held that the statute of limitations in Section 2401(b) is not a jurisdictional prerequisite to an FTCA suit, *see Hughes,* 263 F.3d at 278, while others have held that although it is jurisdictional, it is nevertheless subject to equitable tolling in light of *Irwin, see Ingram,* 443 F.3d at 961. Although the Eleventh Circuit has observed that Section 2401(b) is jurisdictional in nature, it has not squarely addressed whether or not equitable tolling may be available. *See Martinez,* 257 Fed.Appx. at 264 n. 4. In view of this case law, there is a reasonable basis for a difference of opinion regarding this issue.

Finally, a resolution of this issue on appeal will materially advance the progress of this litigation. As noted, to the extent it is determined that Section 2401(b) is jurisdictional and equitable tolling is unavailable, S.R.'s claims are barred and the United States would not be subject to the continued defense of this action. Similarly, a determination either that Section 2401(b) is not jurisdictional or that it is jurisdictional but subject to equitable tolling would permit this matter to proceed to trial or to an evidentiary hearing where a determination could be made regarding whether S.R. is entitled to such tolling based on the facts of this case. For all of these reasons, interlocutory appeal of this Order is appropriate.[7]

### III. CONCLUSION

In accordance with the foregoing analysis, it is

---

7. S.R. has requested separate briefing on the issue of whether this Order should be certified for interlocutory appeal. For the reasons set forth in this Order, however, the undersigned

**ORDERED AND ADJUDGED** as follows:

1. The United States' Motion for Summary Judgment **[D.E. 128]** is **DENIED.**

2. The United States' request at oral argument to certify this matter to the United States Court of Appeals for the Eleventh Circuit for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is **GRANTED.** Accordingly, the undersigned certifies the following questions for interlocutory appeal:

a. Is the two year limitations period set forth in 28 U.S.C. § 2401(b) a jurisdictional prerequisite for a district court's consideration of a plaintiff's claims under the FTCA?

b. If it is a jurisdictional prerequisite, is the two year limitations period nonetheless subject to equitable tolling under appropriate circumstances?

---

concludes the requirements of 28 U.S.C. § 1292(b) are met and no additional briefing is required.